ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MONSERRATE BLASSINO ALVARADO T/C/C MONSITA BLASSINO DE REYES; CARMEN ANA REYES BLASSINO<br><br>APELADO<br><br>V.<br><br>LIGIA CATALINA REYES BLASSINO; ERNESTO REYES BLASSINO<br><br>APELANTE | TA2026AP00383 | Apelación procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso Núm. Ar2021cv00475<br><br>Sobre: Revocación de Donación, Daños y Perjuicios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece ante nos Ligia Catalina Reyes Blassino (en adelante, "Ligia Reyes" o "apelante"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *Sentencia Sumaria Parcial* emitida y notificada el 25 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante el referido dictamen, el foro sentenciador declaró que Ligia Reyes incumplió con la condición impuesta en la Escritura de Donación Condicional, otorgada a su favor por Monserrate Blassino de Reyes t/c/c Monsita Blassino de Reyes (en adelante, "Monsita Blassino"). En su consecuencia, ordenó que la participación del bien donado revirtiera a Ligia Reyes, Ernesto Reyes Blassino (en adelante "Ernesto Reyes" o "codemandado") y a Carmen Ana Reyes Blassino (en adelante, "Carmen Reyes" o "apelada").

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia Sumaria Parcial* apelada. Veamos.

**I.**

El 15 de abril de 2021, Monsita Blassino y Carmen Reyes (en conjunto, "demandantes") presentaron una *Demanda* sobre revocación de donación, daños y perjuicios, injunction provisional, preliminar y permanente, y prohibición de enajenar, en contra de Ligia Reyes y Ernesto Reyes (en conjunto "demandados").[1] Alegaron que Monsita Blassino adquirió una participación del 50% de la propiedad inmueble objeto del litigio en el año 1967, y que el restante 50% le corresponden a sus tres hijos: Ernesto Reyes, Carmen Reyes y Ligia Reyes., mediante Escritura otorgada en el año 1998 ante notario. Adujeron que, mediante la Escritura Número 50 de Donación Condicional del 6 de mayo de 2019 ante notario (en adelante "Donación Condicional"), Monsita Blassino donó su 50% de participación de la propiedad a su hija, Ligia Reyes. Expresaron que dicha Donación Condicional establecía lo siguiente, en su octava cláusula:

> "Es condición escencial [*sic*] de esta donación que el usufructo del bien donado pertenecé [*sic*] a la donante mientras ella esté viva, de forma vitalicia. Todas las rentas y frutos de la participación donada corresponderán a la donante mientras esté vigente el derecho de usufructo a su favor. Al fallecimiento de la donante quedará cancelado el derecho de usufructo de la participación donada correspondiente a la donataria, libre de restricciones o condiciones adicionales."[2]

Sostuvieron que Ligia Reyes incumplió con la condición impuesta y excluyó a la co-demandante, Monsita Blassino, de los frutos y rentas producidos por operar el bien como propiedad de alquiler a corto plazo, conocida como "La Posita de Catalina Beach House". Solicitaron la revocación de la Donación Condicional y que se ordenara que la participación del bien donado revirtiera a Monsita Blassino.

El 13 de julio de 2021, Ligia Reyes presentó una *Contestación a Demanda y Reconvención*.[3] En esencia, negó las alegaciones hechas en su contra y alegó que cumplió con sus obligaciones de la donación. Adujo que ha pagado todas las deudas y mantenimiento de la propiedad sin que

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Tribunal de Primera Instancia (SUMAC TPI).
[2] Anejo 3 de la Entrada Núm. 1 del SUMAC TPI.
[3] Entrada Núm. 37 del SUMAC TPI.

los demandantes aportaran a dichos pagos. Sostuvo que son ellos los que le adeudan su parte correspondiente de gastos y deudas de la propiedad.

El 28 de julio de 2021, la parte demandante presentó una *Réplica a Reconvención*, en la que sostuvo que la Reconvención no aducía hechos constitutivos de una causa de acción en su contra, por lo que dejaba de exponer una reclamación que justificara la concesión de un remedio.[4]

Luego de extensos trámites procesales que no requieren su pormenorización, el 9 de noviembre de 2022, las demandantes presentaron una *Moción de Sentencia Sumaria Parcial*.[5] En síntesis, alegaron que el único asunto litigioso ante la consideración del foro primario era el incumplimiento de Ligia Reyes con la condición impuesta en la Donación Condicional. Adujeron que por dicho incumplimiento, procede la revocación de la referida donación y ordenar que la participación del bien donado revirtiera a Monsita Blassino. Sostuvieron que la propia Ligia Reyes reconoció en su deposición que no ha enviado dinero de los alquileres a su madre, Monsita Blassino, y que reconoció que entre los años 2020 y 2021, la propiedad devengó en ingresos la suma aproximada de $125,000.00.

El 1 de diciembre de 2022, Ligia Reyes presentó un *Escrito Notificando Defunción de Parte Demandante,* por medio del cual notificó que Monsita Blassino falleció el 21 de noviembre de 2022 en el estado de Texas.[6]

Luego de otros trámites procesales, el 27 de septiembre de 2024, la parte demandante, ahora compuesta solo por Carmen Reyes, presentó una *Moción Reiterando Sentencia Sumaria Parcial,* en la que reiteró los argumentos esbozados en su solicitud de sentencia sumaria parcial, previamente promovida.[7]

El 7 de octubre de 2024, la parte demandada presentó una *Moción en Oposición a Solicitud de Sentencia Sumaria*.[8] Alegó que en el caso se

---

[4] Entrada Núm. 39 del SUMAC TPI.
[5] Entrada Núm. 140 del SUMAC TPI.
[6] Entrada Núm. 143 del SUMAC TPI.
[7] Entrada Núm. 201 del SUMAC TPI.
[8] Entrada Núm. 207 del SUMAC TPI.

encontraba pendiente un descubrimiento de prueba, el cual podría dirigir a evidencia pertinente necesaria para la debida adjudicación del caso. Además, adujeron que la donación del bien fue una válida y legítima, y que fue otorgada libre y voluntariamente. Sostuvo que cumplió con todo lo correspondiente y que existía una clara controversia de hechos. Asimismo, argumentó que, el hecho de que una parte no conteste una pregunta durante la toma de una deposición, no constituye un derecho para interpretar dicho silencio como aceptación de la pregunta.

Analizadas las posturas, el 25 de febrero de 2026, el foro de instancia emitió y notificó la *Sentencia Sumaria Parcial* que hoy nos ocupa.[9] Mediante el referido dictamen, el foro sentenciador concluyó que Ligia Reyes no controvirtió los hechos expuestos por la parte demandante, por lo que acogió las Determinaciones de Hechos propuestas por esta en su *Sentencia*. Concluyó que según los documentos presentados, no existe controversia de que Ligia Reyes incumplió crasamente con la condición impuesta en la donación del bien inmueble. A raíz de ello, declaró la revocación de la Donación Condicional y ordenó que la participación del bien donado revirtiera a Carmen Reyes, Ernesto Reyes y Ligia Reyes.

En la mencionada *Sentencia*, el foro primario realizó las siguientes determinaciones de hechos:

1.      Que, según la Demanda, la parte codemandante la componía Monserrate Blassino Alvarado, también conocida como Monsita Blassino de Reyes, mayor de edad, soltera, ama de casa y vecina de Guaynabo Puerto Rico, de paso en Texas, Estados Unidos de América; con dirección física en Urbanización Villa del Parque Calle A-10 Guaynabo, Puerto Rico 00969 y postal en PO BOX 360361 San Juan, Puerto Rico 00936; número de teléfono 787-403-0829 y correo electrónico blassinomonsita@gmail.com. (Alegación 1 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial))

2.      La codemandante Monsita Blassino De Reyes nació el 9 de julio de 1927 en Coamo, Puerto Rico. (Alegación 2 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); aceptada en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial))

3.      La parte codema[n]dante Carmen Ana Reyes Blassino es mayor de edad, soltera con dirección residencial en 2617 Creekway Drive Carrollton, TX 75010, número de teléfono 214-842-7769 y correo electrónico carmenanareyes5@gmail.com. (Alegación 3 de

---

[9] Entrada Núm. 280 del SUMAC TPI.

la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); aceptada en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial)).

4. La parte codemandada Ernesto Reyes Blassino es mayor de edad, abogado, con dirección residencial en Apt. A6 Garden Hills Town Park, 26 calle Flamboyán, Guaynabo Puerto Rico 00968 y postal PO Box 360361 San Juan, Puerto Rico 00936; número de teléfono 787-233-1365 y correo electrónico erb1109@yahoo.com. (Alegación 4 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); aceptada en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial)).

5. Que la parte codemandada la compone Ligia Catalina Reyes Blassino, mayor de edad, soltera, propietaria y vecina de Estados Unidos de América con dirección en 51 W 86th St. Apt. 1508 NY, NY 10024, teléfono 917-846 5245 y correo electrónico ligiacreyes@yahoo.com. (Alegación 6 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); aceptada en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial)).

6. Que este Honorable Tribunal tiene jurisdicción y competencia sobre la presente reclamación conforme a la Regla 3.3 de Procedimiento Civil de 2009, 32 LPRA, Ap. V. Esto es así debido a que el interés y las reclamaciones que envuelven este pleito afectan o están relacionadas a un inmueble que ubica en la Jurisdicción de Barceloneta. (Alegación 7 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); aceptada en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial)).

7. La Propiedad objeto de este litigio, de la cual el 50% pertenece a Ernesto Reyes Blassino, Carmen Ana Reyes Blassino y Ligia Catalina Reyes Blassino, se describe a continuación:

---"RUSTICA: En el Barrio Palmas Altas de Barceloneta con una cabida de Once Cuerdas con Ochocientos Veintitrés Milésimas de Otra (11.823 cds.) iguales a cuatro hectáreas, treinta y un áreas, treinta y siete centiáreas y diez miliáreas, lindando al NORTE, con la zona marítima, al SUR Y OESTE con la Autoridad de Tierras y al ESTE, con la parcela H. Enclava en ella una casa residencial toda de concreto de una sola planta con garaje aparte de los mismos materiales. La atraviesa la carretera seiscientos ochenta y uno de Arecibo a Barceloneta. --------------------------------------------------------------------------------------------------

La propiedad está inscrita al folio 78 del tomo 70 de Barceloneta, Finca número 2,684 Registro de la Propiedad de Manatí-------------------------------------------------------------------

---- Número de catastro: 014-000-004-13-------------------------------------------------------------

(Alegación 8 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); Aceptada parcialmente en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial); Anejo 1 y 2 del Exhibit 1 de la Moción de Sentencia Sumaria Parcial, Entrada 1 de SUMAC).

8. La codemandante Monsita Blassino De Reyes adquirió una participación de 50% en la propiedad mediante la Escritura Núm. 84, otorgada el 13 de diciembre de 1967 ante el notario Gilberto R. Padró Díaz (Anejo 1 del Exhibit 1 de la Moción de Sentencia

Sumaria Parcial, Entrada 1 de SUMAC); y posteriormente, mediante Escritura Núm. 54 de División Comunidad de Bienes otorgada el 26 de junio de 1998 ante el notario Ernesto González Piñero. (Copia Certificada Exhibit 4 de la Moción de Sentencia Sumaria Parcial). El otro 50% le corresponde a sus hijos: Ernesto Reyes Blassino, Carmen Ana Reyes Blassino y Ligia Catalina Reyes Blassino, mediante Escritura Núm. 53 de Donación Onerosa otorgada el 26 de junio de 1998 ante el notario Ernesto González Piñero. (Copia Certificada Exhibit 3 de la Moción de Sentencia Sumaria Parcial; Alegación 8 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial; Aceptada parcialmente en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial).

9.     La suma recibida de $50.000.00 de "Universal Insurance" por desastre de huracán María fue invertida en su totalidad en la propiedad. (Alegación 9 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); Aceptada en Contestación a Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial)).

10.     Mediante Escritura Núm. 50 de Donación Condicional de 6 de mayo de 2019 ante el notario Manuel R. Pérez Caballer, la codemandante Monsita Blassino De Reyes donó su 50% de participación de la propiedad descrita en el párrafo anterior, valorada en doscientos cincuenta y tres mil dólares ($253,000.00) a su hija aquí demandada Ligia Catalina Reyes Blassino. Estableció en su párrafo octavo lo siguiente:

> "Es condición esencial de esta donación que el usufructo del bien donado pertenece a la donante mientras ella esté viva, de forma vitalicia. Todas las rentas y frutos de la participación donada corresponderán a la donante mientras esté vigente el derecho de usufructo a su favor. Al fallecimiento de la donante quedará cancelado el derecho de usufructo de la participación donada correspondiente a la donataria, libre de restricciones o condiciones adicionales."

(Alegación 11 de la Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial); aceptada en Contestación A Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit 2 de la Moción de Sentencia Sumaria Parcial); Anejo 3 de Exhibit 1 de la Moción de Sentencia Sumaria Parcial, Escritura Núm. 50 de Donación Condicional supra).

11.     Al preguntarle a la demandada si en el párrafo octavo de la Escritura Núm. 50 de Donación Condicional, supra decía que: "Antes del pago de la renta o los frutos se deberían pagar las deudas relacionadas con la propiedad de su mantenimiento?" La demandada se negó a contestar (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 57 L14 a Pag.61 L16 y Pag.67 L8 a Pág. 68 L2).

12.     De la referida Escritura Núm. 50 de Donación Condicional supra, no surge que antes del pago de la renta o frutos se debían pagar primero las deudas relacionadas con la propiedad y su mantenimiento. (Anejo 3 del Exhibit 1 de la Moción de Sentencia Sumaria Parcial, Entrada 1 de SUMAC Escritura Núm. 50 de Donación Condicional supra). Al preguntarle si en el documento de Escritura Núm. 50 de Donación Condicional supra, decía que la demandada le tiene que pagar el usufructo de la renta a Doña Monserrate; la demandada se negó a contestar (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 69 L6-23)

13. La demandada, como donataria, aceptó el inmueble según donado. (Alegación 12 de Demanda Juramentada, Entrada 1 de SUMAC (Exhibit 1 de la Moción de Sentencia Sumaria Parcial)); Aceptada parcialmente en la Contestación a la Demanda y Reconvención, Entrada 37 de SUMAC (Exhibit2 de la Moción de Sentencia Sumaria Parcial).

14. La demandada, Ligia Catalina Reyes Blassino, no informó a sus hermanos Ernesto Reyes Blassino ni a Carmen Ana Reyes Blassino sobre la Escritura de Donación Condicional supra, desconoce como ellos lo saben. (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Págs. 26 L22-25 a Pag 27 L1-11).

15. La demandada, Ligia Catalina Reyes Blassino, reconoció que la propiedad La Posita de Catalina Beach House se renta a corto plazo, que la propiedad, cuando se alquila se cobran mínimo 3 noches, a quinientos dólares por noche, más doscientos sesenta dólares de limpieza. (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 45 L9-14).

16. De los doscientos sesenta dólares, se pagan 200 dólares a la empleada de limpieza "Betty Natal" y 60 al piscinero "Víctor Guzmán". (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 46 L25 a Pag 47 L10 y Pag.77 L20-24; Pag 78 L17).

17. De los ingresos de los alquileres no sale el pago de la limpieza ya que se paga sola por el cargo de limpieza que la demandada incluye (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 48 L8-13).

18. Desde el 22 de julio de 2019 hasta el 22 de noviembre de 2019, La Posita de Catalina Beach House devengó como renta de ARBNB la suma de: $7,041.40 (Véase Exhibit 8 de la Moción de Sentencia Sumaria Parcial, Ligia Reyes Booking, Producido por ARBNB, documento estipulado por las partes).

19. Desde el 18 de junio de 2020 hasta el 31 de diciembre de 2020, La Posita de Catalina Beach House devengó como renta de ARBNB la suma de: $27,524.88 (Véase Exhibit 8 de la Moción de Sentencia Sumaria Parcial, Ligia Reyes Booking, Producido por ARBNB, documento estipulado por las partes).

20. Sin embargo, la demandada reconoció que para el 2020 la propiedad devengó como ingreso la suma en el "range" de cuarenta y cinco mil dólares (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 33 L15-22).

21. Desde el 04 de enero de 2021 hasta el 22 de julio de 2021, La Posita de Catalina Beach House devengó como renta de ARBNB la suma de: $52,913.50 (Véase Exhibit 8 de la Moción de Sentencia Sumaria Parcial, Ligia Reyes Booking, Producido por ARBNB, documento estipulado por las partes).

22. La demandada reconoció que para el 2021 la propiedad devengó como ingreso la suma en el "range" de ochenta mil dólares (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 33 L22-23).

23. Desde el 04 de enero de 2021 hasta el 15 de abril de 2021, fecha de la radicación de la Demanda de epígrafe, La Posita de Catalina Beach House devengó como renta de ARBNB la suma de: $18,527.00 dólares (Véase Exhibit 8 de la Moción de Sentencia

Sumaria Parcial, Ligia Reyes Booking, Producido por ARBNB, documento estipulado por las partes).

24. Desde el 22 de julio de 2019 hasta el 22 de julio de 2021, La Posita de Catalina Beach House devengó como renta de ARBNB la suma de: $87,474.78. (Véase Exhibit 8 de la Moción de Sentencia Sumaria Parcial, Ligia Reyes Booking, Producido por ARBNB, documento estipulado por las partes)

25. Desde el 22 de julio de 2019 hasta el 15 de abril de 2021, fecha de la radicación de la Demanda de epígrafe, La Posita de Catalina Beach House devengó como renta de ARBNB la suma de: $53,088.28. (Véase Exhibit 8 de la Moción de Sentencia Sumaria Parcial, Ligia Reyes Booking, Producido por ARBNB, documento estipulado por las partes).

26. La propiedad descrita en el párrafo tercero de la Demanda, opera como una propiedad de alquiler a corto plazo conocida como La Posita de Catalina Beach House, localizada en Carretera 681, Km 15.1, Barceloneta, PR 00617. Entre las plataformas en que la propiedad se ha arrendado a corto plazo, se encuentran Airbnb y Join a Join. (Anejo 4 del Exhibit 1 de la Moción de Sentencia Sumaria Parcial, Entrada 1 de SUMAC).

27. Además, la propiedad se ha alquilado a través de las plataformas Trip Advisor, y Booking.com (Exhibit 7 de la Moción de Sentencia Sumaria Parcial y Exhibit 9 de la Moción de Sentencia Sumaria Parcial; Transcripción de la Deposición de la demandada, Págs. 41 L19-23).

28. La demandada Ligia Catalina Reyes Blassino no informó a sus hermanos Ernesto Reyes Blassino, Carmen Ana Reyes Blassino, ni a su madre la señora Monsita Blassino Alvarado cuando puso la propiedad en Booking.com (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 44 L6-9).

29. Al tomar la administración de la Posita de Catalina Beach House en el 2014, la demandada no solicitó un estado de situación del negocio, ni hizo un estudio financiero del negocio, por lo que no existían estados financieros ni informes de ingresos y gastos de la propiedad (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Págs. 18 L25 a Pag 19 L1-13).

30. A pesar de que la demandada es "Financial Consultant" (Asesora Financiera) en Oppenheimer & Co. Inc., desde noviembre del 2003, admitió que no existe estado financiero auditado o no, preparado para la demandada o para la Posita de Catalina Beach House. (Véase acápite 1 y 36 del Primer Pliego de Interrogatorios Producción de Documentos y Requerimiento de Admisiones y Contestación a Interrogatorio que se marcan como Exh[i]bits 5 y 6 de la Moción de Sentencia Sumaria Parcial, respectivamente).

31. Al 28 de abril de 2022, fecha de la deposición de la codemandada Ligia Catalina Reyes Blassino, ésta no había provisto un informe de ingresos y gastos de la Propiedad La Posita de Catalina Beach House a sus hermanos Ernesto Reyes Blassino, Carmen Ana Reyes Blassino, ni a su madre Monsita Blassino de Reyes (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 51 L7-Pag 52 L23).

32. Al 28 de abril de 2022, la demandada Ligia Catalina Reyes Blassino no ha enviado dinero de los alquileres a su hermana Carmen Ana Reyes Blassino ni a su madre Monsita Blassino de Reyes (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 54 L2-L4).

33. La demandada se negó a contestar si a la fecha de la deposición, ella había cumplido con las condiciones establecidas en el párrafo octavo de la Escritura Núm. 50 de Donación Condicional, supra (Exhibit 9 de la Moción de Sentencia Sumaria Parcial, Transcripción de la Deposición de la demandada, Pág. 68 L3-9)

34. La codemandante Monsita Blassino De Reyes falleció el 21 de noviembre de 2022, en Texas, Estados Unidos de América a sus 95 años de edad (Véase Certificado de Defunción de la Moción Conjunta Sometiendo Prueba Documental Estipulada, de 27 de enero de 2026, SUMAC E 269)

En desacuerdo, el 12 de marzo de 2026, Ligia Reyes presentó una *Solicitud de Reconsideración de Sentencia Parcial*.[10] En resumen, alegó que en la causa de acción existen controversias esenciales de hechos, las cuales requieren ser vislumbradas en un juicio en su fondo. El 16 de marzo de 2026, el foro primario declaró la misma No Ha Lugar.[11]

Inconforme, el 14 de abril de 2026, la parte apelante compareció ante nos mediante una *Petición de Apelación*[12] y esbozó el siguiente señalamiento de error:

Err[ó] el Honorable Tribunal de Primera Instancia en abuso de su discreción en claro y error manifiesto de derecho al emitir Sentencia Sumaria Parcial, a sabiendas y conocimiento de la existencia de controversias sustanciales, materiales y reales de hechos, acción impermisible en violación al derecho constitucional de la apelante al debido proceso de ley en su modalidad procesal y sustantiva privando a la peticionaria de su día en juicio.

En cumplimiento con nuestra *Resolución* del 26 de mayo de 2026, la parte apelada compareció ante nos mediante un *Alegato de la Parte Apelada*, el 5 de junio de 2026.[13]

En síntesis, alegó que la apelante no controvirtió las determinaciones de hechos propuestas y acogidas por el foro sentenciador. Adujo que tampoco presentó ningún documento para rebatir dichas determinaciones. Además, sostuvo que la apelante incumplió con la Regla 36.3(b)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b)(2), al no exponer una relación concisa y organizada, con referencia a los párrafos enumerados por esta, de los hechos esenciales y pertinentes que están

---

[10] Entrada Núm. 283 del SUMAC TPI.
[11] Entrada Núm. 284 del SUMAC TPI.
[12] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Tribunal de Apelaciones (SUMAC TA).
[13] Entrada Núm. 6 del SUMAC TA.

realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos. Alegó que, por el contrario, la apelante solo descansó en meras alegaciones sin presentar prueba que controvirtiera los hechos expuestos por la parte apelada.

Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

## II.

### -A-

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles, en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Negrón Castro y otros v. Soler Bernardini y otros*, 2025 TSPR 96; *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020).

Así pues, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay, u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Batista Valentín v. Sucn. De José Enrique Batista Valentín y otros,* 2025 TSPR 93; *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018). Esta determinación debe ser guiada por el principio de

liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

Al examinar la procedencia de una solicitud de sentencia sumaria, los tribunales deben guiarse por las disposiciones de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7. Al efectuar el referido examen, el Tribunal de Apelaciones deberá realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

Si de los documentos surge duda sobre la existencia de una controversia de hechos, estas se deben resolver contra el promovente, ya que este mecanismo procesal no permite que este Tribunal dirima cuestiones de credibilidad. *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). De igual modo, como regla general, no es aconsejable disponer de los casos por la vía sumaria cuando exista controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia. *Jiménez Soto v. Carolina Catering Corp*., 2025 TSPR 3. Este foro intermedio tampoco puede adjudicar los hechos materiales y esenciales en

disputa, ya que esa tarea le corresponde al foro de primera instancia. *Vera v. Dr. Bravo*, 161 DPR 307, 335 (2004).

**-B-**

La donación es un acto de liberalidad por el cual una persona dispone gratuitamente de una cosa en favor de otra que la acepta. Artículo 558 del Derogado Código Civil de 1930, 31 LPRA sec. 1981.[14] En general, se clasifican en donaciones entre vivos (*inter vivos*) o por causa de muerte (*mortis causa*) según el momento en que surten efectos jurídicos. Artículo 559, 31 LPRA sec. 1982. Las donaciones *inter vivos* son aquellas cuyos efectos ocurren en vida del donante. R. E. Ortega Vélez, *Sobre: Donaciones, Herencias y Testamentos*, San Juan, Ediciones SITUM, 2021, pág. 10. Todas las donaciones se perfeccionan desde que el donante conoce la aceptación del donatario. Artículo 565, 31 LPRA sec. 1988.

La donación entre vivos puede ser de tres clases. Primera, la puramente graciosa o la que se hace sin condición y por mera liberalidad; segunda, la onerosa, o aquella en que se impone al donatario un gravamen sobre el valor de lo donado; y tercera, la remuneratoria, o la que se hace a una persona por sus méritos o por los servicios prestados al donante, siempre que no constituyan deudas exigibles. Artículo 560, 31 LPRA sec. 1983. Estas donaciones se rigen por las disposiciones generales de los contratos y obligaciones. Artículo 564, 31 LPRA sec. 1986. Por tanto, la donación debe cumplir con todos los elementos del contrato, esto es, objeto, consentimiento (oferta y aceptación) y causa. Ortega Vélez, *op. cit.,* pág. 7. En cuanto a este tipo de contrato, las partes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público. Artículo 1207, 31 LPRA sec. 3372. Asimismo, el Artículo 589 dispone, en cuanto al incumplimiento de alguna condición impuesta al donatario, que "[l]a donación será revocada a instancia del donante, cuando el donatario haya

---

[14] Aunque el Código Civil de 1930 fue derogado y sustituido por el Código Civil de 2020, haremos referencia al anterior por ser el estatuto vigente al momento de otorgarse la Donación objeto de controversia en este caso.

dejado de cumplir alguna de las condicione que aquél le impuso." 31 LPRA sec. 2044.

Para hacer una donación, es necesario que el donante sea alguien con capacidad para contratar y para disponer de sus bienes. Artículo 566, 31 LPRA sec. 2001.[15] De otro lado, cualquier persona puede aceptar una donación, excepto quienes estén incapacitados por ley para ello. Artículo 567, 31 LPRA 2002. La donación no obliga al donante, ni produce efecto, sino desde su aceptación por el donatario. Artículo 571, 31 LPRA sec. 2006.

En cuanto a la donación de un bien inmueble, esta tiene que hacerse en escritura pública para que sea válida. Artículo 575, 31 LPRA sec. 2010. Dicha escritura deberá describir individualmente los bienes donados y las cargas que deba satisfacer el donatario, si alguna. *Íd.*

**-C-**

El usufructo es el derecho de disfrutar de una cosa ajena, por la cual puedes percibir todos los productos, utilidades y ventajas que aquélla produzca, con la obligación de conservar su forma y sustancia, a no ser que el título de su constitución o la ley autoricen lo contrario. Artículo 396 de Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1501; *Hernández v. Tribl. Contribuciones*, 73 DPR 710, 718 (1952). Este derecho se constituye mediante ley, voluntad de las partes manifestado por actos realizados en vida o de última voluntad y por prescripción. Artículo 397 de Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1502. El Artículo 399 de Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1504, establece que los derechos y obligaciones a las cuales estará sujeto el usufructuario serán los que determinen en el título constitutivo del usufructo. De no estar presentes o en insuficiencia de ellos, se observarán las disposiciones contenidas en el Código Civil. En específico, el Artículo 400 dispone que el usufructuario tiene derecho a "percibir todos los frutos naturales, industriales y civiles de los bienes usufructuados." 31 LPRA sec. 1511. "Son frutos civiles el alquiler

---

[15] Art. 1307 del Código Civil de 2020.

de los edificios, el precio del arrendamiento de tierras y el importe de las rentas perpetuas, vitalicias u otras análogas". Artículo 289 de Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1142.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III.**

En su único señalamiento de error, la parte apelante plantea que erró el foro sentenciador al dictar *Sentencia Sumaria Parcial*, declarando que la apelante incumplió con la condición impuesta en la Escritura Núm. 50 de Donación Condicional. Alega que existen controversias de hechos esenciales que exigen la celebración de un juicio en su fondo.

Como foro apelativo, tenemos la responsabilidad de revisar *de novo* la *Solicitud de Sentencia Sumaria* promovida por la parte apelada. Ello, ya que estamos en la misma posición que el Tribunal de Primera Instancia al momento de dicha revisión y debemos aplicar los mismos criterios y jurisprudencia exigidas al foro sentenciador. Sin embargo, estamos limitados a considerar solo aquellos documentos presentados en el foro primario. Además, en el ejercicio de esa revisión, debemos examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario.

Luego de examinar cuidadosamente *de novo* el trámite procesal, el expediente ante nos, los escritos de las partes, así como la normativa aplicable, concluimos que el foro primario no erró en su determinación. Nos explicamos.

La parte apelante argumenta en su escrito de apelación que difiere con ciertas determinaciones de hechos propuestas por la parte apelada y acogidas por el foro primario. Sin embargo, más allá de que en su oposición a la sentencia sumaria no cumplió con la Regla 36.3(b) de Procedimiento Civil, *supra*, lo cierto es que primero, la mayoría de las determinaciones de hecho están sustentadas por la propia deposición de la apelante. Segundo, hay ciertas determinaciones de hechos, que, aún si no estuviesen

sustentadas, no alteran la conclusión del foro sentenciador. Nos explicamos.

Al evaluar la solicitud de sentencia sumaria promovida por la parte apelada, esta sostiene que el único asunto litigioso ante la consideración del foro de instancia es el incumplimiento por parte de la apelante con la condición impuesta en la Donación Condicional. De ser contestado en la afirmativa, procede que la participación del bien donado revierta a los herederos de Monsita Blassino.

Como discutimos anteriormente, una escritura de donación, es en esencia, un contrato entre las partes. En caso de este contrato contener una condición impuesta al donatario, o sea, quien recibe el bien donado, dicha donación puede ser revocada a instancia del donante, cuando el donatario incumpla con la condición impuesta. Artículo 589 del Código Civil de 1930, *supra*. En este caso, la condición esencial impuesta en el contrato de donación, es que el usufructo del bien donado pertenece a la donante, de forma vitalicia. O sea, mientras viva, Monsita Blassino tendría un derecho real de usufructo sobre el bien donado. El usufructo, como bien dispone el Código Civil, incluye los frutos civiles, incluso el alquiler e importes de renta.

Lo cierto es que la apelante, en su deposición aceptó que no le había enviado nada de dinero de los alquileres de la propiedad a la parte apelada.[16] O sea, aceptó que el bien donado producía frutos civiles y que esas rentas no se enviaron a quien ostentaba un derecho de usufructo sobre ella.

En cuanto a ciertas determinaciones de hechos, como la 30 y 31, la apelante sostiene en su escrito de apelación, que la parte apelada pretende imputar responsabilidades inexistentes, y que hay controversia en cuanto a la existencia de ciertos estados financieros e informes de ingresos y gastos de la propiedad inmueble. Sin embargo, dichas determinaciones, estén controvertidas o no, no alteran de manera alguna la conclusión del

---

[16] Pág. 54 (Líneas 2-4) del Anejo 9 de la Entrada Núm. 140 del SUMAC TPI.

foro de instancia. Como mencionamos anteriormente, la única controversia ante la consideración del foro de instancia era el incumplimiento de la condición impuesta en la Donación Condicionada. La prueba demostró que, en efecto, la apelante incumplió. Más allá de si es requerido o no un ejercicio de reconciliación de cuentas para determinar la cuantía de frutos adjudicables, lo cierto es que la apelante no cumplió con la condición esencial impuesta en la escritura de donación. Y al incumplir, procede la revocación de dicha donación.

En tenor con ello, es forzoso concluir que, tal como coligió el foro sentenciador, la parte apelante incumplió con la condición impuesta en la Donación Condicionada. Por lo que, procede revertir la participación del bien donado al caudal relicto de Monserrate Blassino Alvarado. En fin, no erró el foro sentenciador y se confirma la *Sentencia Sumaria Parcial* apelada.

## IV.

Por los fundamentos que anteceden, confirmamos la *Sentencia Sumaria Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones